UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ROBERT OSBORNE | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| | ) CIVIL ACTION NO. |
| ASSET ACCEPTANCE, LLC | ) 3:12CV084 |
| | ) |
| SERVE: CT CORPORATION SYSTEM | ) |
| 4701 Cox Rd., Ste. 301 | ) |
| Richmond, VA 23060 | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Robert Osborne ("Osborne" or "Plaintiff"), by counsel, and as for his Complaint against the Defendant, he alleges as follows:

1. This is an action for actual and statutory damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1692, et seq. (the Fair Debt Collection Practices Act or "FDCPA") and 47 U.S.C. § 227, et seq. (the Telephone Consumer Protection Act or "TCPA").

## JURISDICTION

2. Jurisdiction is proper pursuant to 15 U.S.C. § 1692k, 47 U.S.C. § 227 and 28 U.S.C. § 1331.

## PARTIES

3. Plaintiff is a natural person and at all times relevant hereto was a "consumer" as defined and governed by the FDCPA.

4. Defendant Asset Acceptance, LLC, ("Asset Acceptance"), is a Delaware limited liability company with its principal place of business located in Warren, Michigan. It regularly collects debts from consumers located across the Commonwealth of Virginia. At all times relevant hereto, Asset Acceptance was a "debt collector" as that term is defined by the FDCPA.

## STATEMENT OF FACTS

5. Defendant Asset Acceptance sued Plaintiff in Hanover County General District Court in an attempt to collect a debt.

6. Thereafter, the Court entered judgment in favor of Asset Acceptance in the amount of $7,104.78, with 6% interest from January 6, 2003 until paid, and $46.00 in judgment costs.

7. After judgment was entered, Defendant initiated several garnishment actions in an attempt to collect the outstanding judgment.

8. Within the one-year period preceding the filing date of this Complaint, the Defendant abused the garnishment process and attempted to collect funds that were not awarded by the Court when it issued the underlying judgment. These actions prohibited by statute. The Defendant also made misrepresentations in furtherance of its efforts to illegally collect this money.

9. Upon information and belief, the Defendant's post-judgment collection actions taken with regard to Virginia consumers generally were part of a pattern and practice of attempting to collect amounts in excess of the underlying court judgment in violation of Virginia law. Each such instance that the Defendant submitted a falsified garnishment suggestion constituted a criminal offense, a Class 1 misdemeanor as per Virginia Code §8.01-511, and thus also violated the FDCPA.

10. The Defendant also engaged in the practice of placing numerous calls to Plaintiff's cell phone and/or residential land lines using a combination of automatic telephone dialers and prerecorded voice messages, without the express consent of the Plaintiff.

## COUNT ONE:
## VIOLATION OF 15 U.S.C. § 1692d(1)

11. Plaintiff realleges and reincorporates all previous paragraphs as if fully set out herein.

12. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d(1) by its actions, which include but are not limited to using criminal means to harm the Plaintiff.

13. As a result of these actions taken by Defendant, the Plaintiff has incurred actual damages.

14. Plaintiff is therefore entitled to an award of actual and statutory damages against Asset Acceptance as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO:
## VIOLATION OF 15 U.S.C. § 1692e(2)

15. Plaintiff realleges and reincorporates all previous paragraphs as if fully set out herein.

16. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2) by its actions, which include but are not limited to falsely representing the amount or legal status of a debt owed.

17. As a result of these actions taken by Defendant, which include but are not limited to collection of amounts that exceeded the underlying judgment amount and/or which were not authorized by statute, Plaintiff has incurred actual damages.

18. Plaintiff is therefore entitled to an award of actual and statutory damages against Asset Acceptance as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT THREE:
## VIOLATION OF 15 U.S.C. § 1692e(5)

19. Plaintiff realleges and reincorporates all previous paragraphs as if fully set out herein.

20. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5) by its actions, which include but are not limited to threatening to take action that could not legally be taken.

21. As a result of these actions taken by Defendant, the Plaintiff has incurred actual damages.

22. Plaintiff is therefore entitled to an award of actual and statutory damages against Asset Acceptance as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FOUR:
## VIOLATION OF 15 U.S.C. § 1692e(10)

23. Plaintiff realleges and reincorporates all previous paragraphs as if fully set out herein.

24. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10) by its actions, which include but are not limited to using false representation as a means to collect a debt.

25. As a result of these actions taken by Defendant the Plaintiff has incurred actual damages.

26. Plaintiff is therefore entitled to an award of actual and statutory damages against

Asset Acceptance as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FIVE:
## VIOLATION OF 15 U.S.C. § 1692f(1)

27. Plaintiff realleges and reincorporates all previous paragraphs as if fully set out herein.

28. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1) by its actions, which include but are not limited to collection of an amount that is not permitted by law.

29. As a result of these actions taken by Defendant, which include but are not limited to collection of amounts that exceeded the underlying judgment amount and/or which were not authorized by statute, Plaintiff has incurred actual damages.

30. Plaintiff is therefore entitled to an award of actual and statutory damages against Asset Acceptance as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SIX:
## VIOLATION OF 47 U.S.C. § 227(b)

31. Plaintiff realleges and reincorporates all previous paragraphs as if fully set out herein.

32. The Defendant willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) by its actions, which include but are not limited to making one or more calls using an automatic telephone dialing system or artificial or pre-recorded voice to Plaintiff's telephone number assigned to a cellular telephone service and/or initiating telephone calls to a

residential telephone line using an artificial or prerecorded voice to deliver a message without the Plaintiff's express consent.

33. In the alterative, the Defendant negligently violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) by its actions, which include but are not limited to making one or more calls using an automatic telephone dialing system or artificial or pre-recorded voice to Plaintiff's telephone number assigned to a cellular telephone service and/or initiating telephone calls to a residential telephone line using an artificial or prerecorded voice to deliver a message without the Plaintiff's express consent.

34. The Plaintiff is therefore entitled to an award of statutory damages against Asset Acceptance, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, your Plaintiff demands judgment for actual and statutory damages, attorneys' fees and costs, pursuant to the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**ROBERT OSBORNE**

By _/s/ Matthew J. Erausquin_
Of Counsel

MATTHEW J. ERAUSQUIN, VSB#65434
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: (703) 273-7770
Facsimile: (888) 892-3512
matt@clalegal.com