IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERT OSBORNE,

       Plaintiff,

v.                                                             Civil Action No. 3:12-cv-084

ASSET ACCEPTANCE, LLC,

       Defendant.

## ANSWER

Defendant, Asset Acceptance, LLC ("Asset Acceptance"), by counsel, for its Answer to the Complaint filed by plaintiff, Robert Osborne ("Plaintiff"), states as follows:

1.    Asset Acceptance admits that Plaintiff has filed a suit for actual and statutory damages, costs, and attorney's fees pursuant to the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), but that such allegations do not call for a response.

## JURISDICTION

2.    The allegations contained in paragraph 2 of the Complaint are legal conclusions which are not subject to denial or admission.

## PARTIES

3.    The allegations contained in paragraph 3 of the Complaint are legal conclusions which are not subject to denial or admission.

4.    Asset Acceptance admits that it is a Delaware limited liability company with its headquarters and principal place of business located in Warren, Michigan. Asset Acceptance also admits that it regularly collects obligations owed to it in the Commonwealth of Virginia.

The remaining allegations contained in paragraph 4 of the Complaint are legal conclusions which are not subject to denial or admission.

### STATEMENT OF FACTS

5. Asset Acceptance admits that it sued Plaintiff in Hanover County General District Court in an attempt to collect an obligation owed to it.

6. Asset Acceptance admits that the Court entered judgment in favor of Asset Acceptance.

7. Asset Acceptance admits that it initiated garnishment actions.

8. Asset Acceptance denies the allegations contained in paragraph 8 of the Complaint.

9. Asset Acceptance denies the allegations contained in paragraph 9 of the Complaint.

10. Asset Acceptance denies the allegations contained in paragraph 10 of the Complaint.

### COUNT ONE:
### VIOLATION OF 15 U.S.C. § 1692d(1)

11. In response to paragraph 11 of the Complaint, Asset Acceptance realleges and hereby incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

12. Asset Acceptance denies the allegations contained in paragraph 12 of the Complaint.

13. Asset Acceptance denies the allegations contained in paragraph 13 of the Complaint.

14. Asset Acceptance denies the allegations contained in paragraph 14 of the Complaint.

## COUNT TWO:
## VIOLATION OF 15 U.S.C. § 1692e(2)

15. In response to paragraph 15 of the Complaint, Asset Acceptance realleges and hereby incorporates by reference its responses to the allegations in the preceding paragraphs as if set forth at length herein.

16. Asset Acceptance denies the allegations contained in paragraph 16 of the Complaint.

17. Asset Acceptance denies the allegations contained in paragraph 17 of the Complaint.

18. Asset Acceptance denies the allegations contained in paragraph 18 of the Complaint.

## COUNT THREE:
## VIOLATION OF 15 U.S.C. § 1692e(5)

19. In response to paragraph 19 of the Complaint, Asset Acceptance realleges and hereby incorporates by reference its responses to the allegations in the preceding paragraphs as if set forth at length herein.

20. Asset Acceptance denies the allegations contained in paragraph 20 of the Complaint.

21. Asset Acceptance denies the allegations contained in paragraph 21 of the Complaint.

22. Asset Acceptance denies the allegations contained in paragraph 22 of the Complaint.

## COUNT FOUR:
## VIOLATION OF 15 U.S.C. § 1692e(10)

23. In response to paragraph 23 of the Complaint, Asset Acceptance realleges and hereby incorporates by reference its responses to the allegations in the preceding paragraphs as if set forth at length herein.

24. Asset Acceptance denies the allegations contained in paragraph 24 of the Complaint.

25. Asset Acceptance denies the allegations contained in paragraph 25 of the Complaint.

26. Asset Acceptance denies the allegations contained in paragraph 26 of the Complaint.

## COUNT FIVE:
## VIOLATION OF 15 U.S.C. § 1692f(1)

27. In response to paragraph 27 of the Complaint, Asset Acceptance realleges and hereby incorporates by reference its responses to the allegations in the preceding paragraphs as if set forth at length herein.

28. Asset Acceptance denies the allegations contained in paragraph 28 of the Complaint.

29. Asset Acceptance denies the allegations contained in paragraph 29 of the Complaint.

30. Asset Acceptance denies the allegations contained in paragraph 30 of the Complaint.

## COUNT SIX:
## VIOLATION OF 47 U.S.C. § 227(b)

31. In response to paragraph 31 of the Complaint, Asset Acceptance realleges and hereby incorporates by reference its responses to the allegations in the preceding paragraphs as if set forth at length herein.

32. Asset Acceptance denies the allegations contained in paragraph 32 of the Complaint.

33. Asset Acceptance denies the allegations contained in paragraph 33 of the Complaint.

34. Asset Acceptance denies the allegations contained in paragraph 34 of the Complaint.

35. Asset Acceptance denies each and every allegation that is not expressly admitted herein.

36. Asset Acceptance denies that it is liable to Plaintiff for any of the requests for relief set forth in the WHEREFORE clause of the Complaint.

## AFFIRMATIVE DEFENSES

Asset Acceptance states the following affirmative defenses to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Asset Acceptance and fails to state facts sufficient to entitle Plaintiff to the relief sought.

**SECOND AFFIRMATIVE DEFENSE**
**(Bona Fide Error - 15 U.S.C. § 1692k(c))**

Plaintiff's claims fail to the extent that any FDCPA violation resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**THIRD AFFIRMATIVE DEFENSE**
**(Statutory Authorization)**

Plaintiff's claims fail to the extent that Asset Acceptance's actions were authorized by the laws of the Commonwealth of Virginia.

**FOURTH AFFIRMATIVE DEFENSE**
**(Terms of Debt Agreement)**

Plaintiff's claims fail to the extent that Asset Acceptance's actions were authorized by the terms of the underlying agreement creating the obligation.

**FIFTH AFFIRMATIVE DEFENSE**
**(Arbitration Clause in Debt Agreement)**

Asset Acceptance reserves the right to compel arbitration to the extent arbitration was agreed to in the underlying agreement creating the obligation between Plaintiff and creditor.

**SIXTH AFFIRMATIVE DEFENSE**
**(Fair and Conscionable Means)**

Plaintiff's claims fail to the extent that the means employed by Asset Acceptance to collect the obligations at issue were fair and conscionable.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Proximate Cause)**

Plaintiff's claims fail to the extent that Asset Acceptance's purported damages were the direct and proximate result of the conduct of Plaintiff or others over whom Asset Acceptance had neither control nor responsibility.

### EIGHTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate his alleged actual damages.

### NINTH AFFIRMATIVE DEFENSE
**(Setoff)**

Plaintiff's claims fail to the extent that Asset Acceptance is entitled to a setoff for the underlying obligation that Plaintiff still owes.

### TENTH AFFIRMATIVE DEFENSE
**(Subject Matter Jurisdiction and Preclusion)**

Plaintiff's claims are barred, in whole or in part, to the extent the claims made in the Complaint are barred by the Rooker Feldman doctrine, the doctrine of judicial estoppel, collateral estoppel, and res judicata.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Statute Of Limitations)**

Plaintiff's Complaint fails to the extent that it is barred by the applicable statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE
**(Right To Assert Additional Defenses)**

Asset Acceptance reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant, Asset Acceptance, LLC, requests that the Court enter an order: (1) dismissing with prejudice the Complaint against Asset Acceptance; (2) awarding Asset Acceptance its costs and expenses incurred herein; and (3) awarding Asset Acceptance such other and further relief as the Court may deem just and proper.

**ASSET ACCEPTANCE, LLC**


By:/s/David N. Anthony
    David N. Anthony
    Virginia State Bar No. 31696
    *Attorney for Asset Acceptance, LLC*
    TROUTMAN SANDERS LLP
    1001 Haxall Point
    Richmond, Virginia  23219
    Telephone No.: (804) 697-1200
    Facsimile No.: (804) 697-1339
    Email:  david.anthony@troutmansanders.com

    Alan D. Wingfield
    Virginia State Bar No. 27489
    *Attorney for Asset Acceptance, LLC*
    TROUTMAN SANDERS LLP
    1001 Haxall Point
    Richmond, Virginia  23219
    Telephone No.: (804) 697-1200
    Facsimile No.: (804) 697-1339
    Email:  alan.wingfield@troutmansanders.com

    Virginia Bell Flynn
    Virginia State Bar No. 79596
    *Attorney for Asset Acceptance, LLC*
    TROUTMAN SANDERS LLP
    1001 Haxall Point
    Richmond, Virginia  23219
    Telephone No.: (804) 697-1200
    Facsimile No.: (804) 697-1339
    Email:  virginia.flynn@troutmansanders.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of March, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing (NEF) to the following:

>Matthew J. Erausquin, Esq.
>Consumer Litigation Associates, P.C.
>1800 Diagonal Rd., Suite 600
>Alexandria, VA 22314
>Telephone: 703-273-6080
>Facsimile: 888-892-3512
>Email: matt@clalegal.com
>
>*Counsel for Plaintiff*

>/s/David N. Anthony
>David N. Anthony
>Virginia State Bar No. 31696
>*Attorney for Asset Acceptance, LLC*
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>Richmond, Virginia  23219
>Telephone No.: (804) 697-1200
>Facsimile No.: (804) 697-1339
>Email:  david.anthony@troutmansanders.com

2129725v1